**Mohamed Ibrahim DWAIDARI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–72691.

Agency No. A71–580–107.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.*

Decided Oct. 17, 2003.

Jesse A. Moorman, Esq., Judith L. Wood, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Jeffrey J. Bernstein, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before WALLACE, RYMER, and TALLMAN, Circuit Judges.

MEMORANDUM **

The Board of Immigration Appeals (Board) denied Petitioner Dwaidari's motion to reopen his deportation order issued *in abstentia.* Except as hereinafter provided, we have jurisdiction pursuant to 8 U.S.C. § 1105a(a), *as amended by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 309(c), *Romani v. INS,* 146 F.3d 737, 738 (9th Cir.1998), and we deny the petition for review.

The first issue raised by Dwaidari is whether the Board violated his right to due process by adhering strictly to the 180–day statutory deadline for filing motions to reopen. Dwaidari raised this due process challenge before the Board, and we review this question of law de novo. *Gonzalez–Julio v. INS,* 34 F.3d 820, 823 (9th Cir.1994) ("Whether administrative procedures infringe constitutional rights is a legal issue reviewed de novo.").

The Board did not violate procedural due process in this case because subsection 1252b(c)(3)(A) offered Dwaidari an "opportunity to be heard ... at a meaningful time and in a meaningful manner." *Id.; see also Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) ("[T]he State certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule."). Be-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cause the 180–day statute of limitation granted Dwaidari ample time to file a motion to reopen his deportation proceedings, his due process challenge is rejected.

Dwaidari raises two other issues for the first time in his petition. First, he contends that the Board should reopen his deportation proceedings under 8 U.S.C. § 1252b(c)(3)(B) because he was in "constructive custody" at the time appointed for his deportation hearing. Second, he requests that we remand the case to the Board to consider whether the 180–day time limit for filing motions to reopen should be equitably tolled. *See* 8 U.S.C. § 1252b(c)(3)(A) (providing that an order of deportation issued after *in abstentia* proceedings may be rescinded only "upon a motion to reopen filed within 180 days after the date of the order of deportation"). Because our review extends only to issues raised before the Board, *Khourassany v. INS*, 208 F.3d 1096, 1099 (9th Cir.2000), we lack jurisdiction to consider these two claims.

PETITION DENIED.